UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVEN MCINTYRE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:16-cv-00053-JMS-MJD |
| ) | |
| BRIAN SMITH, SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Steven McIntyre for a writ of habeas corpus challenges a prison disciplinary proceeding, ISF 15-10-0013, in which he was found guilty of battery. For the reasons explained in this entry, Mr. McIntyre's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On September 26, 2015, Captain Chalfin wrote a Report of Conduct in case ISF 15-10-0013 charging Mr. McIntyre with battery. Dkt. 10-1. The Report of Conduct states:

> On 9/26/15 at approximately 1930 I Capt. B. Chaflin reviewed the video cameras in dorm 11N. On 11A cube 4/5 camera on 9-26-15 at approximately 1915 hours I clearly observed offender Steven McIntyre #186439 in 11A cube 4 use his fists and punch offender Peter Demetro #111636 several times in the head and facial area. Offender Demetro was identified with his I.D. at HCU. He was advised of this conduct report.

Dkt. 10-1.

On October 2, 2015, Mr. McIntyre was notified of the charge of battery and served with the Report of Conduct and the Notice of Disciplinary Hearing ("Screening Report"). Dkt. 10-2. Mr. McIntyre was notified of his rights, pled not guilty and requested the appointment of a lay advocate. *Id.* He requested a witness, Sergeant Gilley, and requested video evidence.

The hearing officer conducted a disciplinary hearing in ISF 15-10-0013 on October 6, 2015, and found Mr. McIntyre guilty of the charge of battery. Dkt. 10-3. In making this determination, the hearing officer considered the offender's statements, staff reports, evidence from witnesses, and video evidence. The hearing officer recommended and approved the following sanctions: a written reprimand, 30 days lost commissary privileges, and a 60 day deprivation of earned credit time. The 60 day deprivation of credit time was initially suspended, but because Mr. McIntyre was found guilty of another offense less than a month later, the suspended sanction of a 60 day deprivation of credit time was imposed at that time. Dkt. 10-6.

Mr. McIntyre's appeals were denied. This habeas action followed.

## III. Analysis

Mr. McIntyre alleges that his due process rights were violated during the disciplinary proceeding. His claims are stated as: 1) the video evidence was misconstrued; 2) the requested

witness statement from Major Crabb was not provided; 3) there were conflicting reports about how many offenders were involved; and 4) there were conflicting reports at the Indiana Department of Correction ("IDOC") Central Office level. He attempts to add a new claim in his traverse, asserting that he did not have an impartial decision-maker. However, this claim fails because raising it for the first time in the reply renders it waived. *See Hess v. Reg-Ellen Mach. Tool Corp.*, 423 F.3d 653, 665 (7th Cir. 2005) (arguments raised for the first time in a reply brief are waived).

The first and third claims, in essence, challenge the sufficiency of the evidence. Mr. McIntyre argues that the video evidence supports a lesser offense of fighting rather than battery. He also argues that there were five offenders in the fight, not three, and that all of the offenders were not charged with disciplinary offenses.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The video summary indicates that when Mr. McIntyre stood up, another offender punched him in the face. Dkt. 10-3. "Then both Offenders start punching each other in the head and facial area." *Id.* Even though Mr. McIntyre did not throw the first punch, he participated in the fight and hit the other offender. The conduct report, video summary, and even Mr. McIntyre's own statement that he "wasn't the one that started it" constitute sufficient evidence that he committed battery. Whether or not other offenders who participated in the incident were also charged, and how many were involved, is not relevant to Mr. McIntyre's own actions. Mr. McIntyre's challenges to the sufficiency of the evidence lack merit.

To the extent that Mr. McIntyre argues that IDOC policy requires that he be charged with a lesser offense of "fighting" or that all offenders involved should have been written up, such claims are not viable in this federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Mr. McIntyre next claims that he was denied Major Crabb's testimony which would agree with his summation of the incident. Mr. McIntyre alleges that Major Crabb told him not to worry about the charge against him, that "he would take care of it." Dkt. 12 (Traverse). Mr. McIntyre further alleges that he therefore believed that no disciplinary proceedings would occur. He asserts that when it became evident that a hearing would be conducted, he "immediately requested that Major Crabb be present to present his testimony." *Id.* The record shows, however, that Mr. McIntrye did not request a statement from Major Crabb at screening or at the hearing.

He did not make the request until *after* the hearing, in his appeal. Dkt. 10-4. Requests for evidence must be made either before or at the hearing. *Piggie v. McBride,* 277 F.3d 922, 925 (7th Cir. 2002) (if inmate failed to make a request for evidence "either before or at the hearing, then the CAB could not have denied him due process by not considering the request"); *Felder v. McBride,* 121 Fed.Appx. 655, 657 (7th Cir. Dec. 21, 2004) (no due process error if evidence is not considered when request for evidence could have been made but was not made before or at the hearing).

Mr. McIntyre asserted in his appeal that Sgt. Gilley and Major Crabb could attest that he was jumped by a group of other offenders and that he just defended himself. *Id*. Sgt. Gilley did provide a statement saying that he "was not present for this incident." Dkt. 10-3. That statement was considered. The video summary considered at the hearing indicated that another offender hit Mr. McIntyre first. Dkt. 10-3. Therefore, any statement from Major Crabb that would allegedly assert that Mr. McIntyre was not the first to throw a punch would have been duplicative of the video summary itself. In sum, there was no due process error because the witness request was not timely, and because Major Crabb's statement was repetitive. *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary.").

Mr. McIntyre's final claim is that there was confusion with the Central Office on appeal. He sent three different appeal letters. Dkt. 10-5. The first appeal was denied because the facility head had not yet responded to Mr. McIntyre's initial appeal. Dkt. 10-5, at p. 1.  In response to his second appeal, the Appeal Review Officer noted that "it appears the reported conduct more closely applies to a violation of B212, 'Assault/Battery,'" but the sanctions would not be modified. Dkt. 10-5, at p. 4. There actually was no modification because the initial conviction

was, in fact, for B212 battery. When Mr. McIntyre sought clarification from the Appeal Review Officer, the officer clarified that the appeal had been denied and that any further appeal must be addressed to the courts. Dkt. 10-5, at p. 9. Although there were some misstatements made in the appeal responses, none of them resulted in a violation of Mr. McIntyre's due process rights. Mr. McIntyre's claim does not involve any of the procedural protections established by *Wolff*, and does not entitle him to habeas corpus relief.

Mr. McIntyre was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. McIntyre's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. McIntyre's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:  February 24, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Steven McIntyre, DOC #186439, Putnamville Correctional Facility, Inmate Mail/Parcels, 1946 W. U.S. 40, Greencastle, IN    46135